## ADAMS & WESTLAKE CO. v. DEYETTE *et al.*

1.  When the evidence upon which a referee bases his findings of facts is not preserved in a bill of exceptions, and the insufficiency of the evidence to sustain such findings is not assigned as error, it will be presumed on appeal that the findings of fact accord with, and are fully sustained by, the evidence.

2.  A judgment of a trial court, when fully sustained by the findings of fact and conclusions of law, will not be disturbed because a referee fails to find on all the issues raised by the pleadings, when it appears that such issues were not material, and no findings of fact were presented by the party complaining, and no request was made for additional or more specific findings of fact, or different conclusions of law.

3.  A corporation in failing circumstances cannot borrow money with which to purchase shares in itself, and give to the persons from whom the loan is made a preference over all other creditors by confessing judgments, when insolvent, in favor of the persons loaning the money with actual knowledge of the purpose for which the same was borrowed, when such conduct works a fraud upon *bona fide* creditors, and defeats the collection of their claims.

4.  The purchase of stock as above indicated, and more fully disclosed in the opinion, *held* to be against public policy, and judgments confessed upon such claims are voidable at the instance of an injured creditor.

(Syllabus by the Court.   Opinion filed May 28, 1894.)

Appeal from circuit court, Brown county.   Hon. E. G. SMITH, Judge.

Action by the Adams & Westlake Company against the Hicks-Trask Hardware Company, C. E. Deyette and W. W. Lewis to set aside certain judgments confessed by said company in favor of said Deyette and Lewis.   From a judgment for plaintiff, defendants appeal.   Affirmed.

The facts are stated in the opinion.

*Frank A. Luse,* for appellants.

The facts before the court in the proceedings in which judgment was rendered and that appear upon the face of the judgment roll, are conclusive as to third parties as well as to the parties to the action.   Black Judgments, 59; White v. Snow,

17 Fed. 98; Dougherty Est., 9 Watts 189; Callen v. Ellison, 13 O. St. 495; Fowler v. Whilman, 3 O. St. 270.

Actual fraud must be shown to set aside a judgment. Sidensparker v. Sidensparker, 85 Am. Dec. 527; Story Eq. 252; Patch v. Ward, Chan. App. cases, 203; Coyce v. Powell, 20 Tex. 767.   Money paid on a void contract or agreement can be recovered by the payer or his assigns.   Blach Corp. 425; Woolen v. Samf, 9 N. E. 823; Parish v. Wheeler, 22 N. Y. 495; Whitt v. Bank, 39 Mass. 181; Wright v. Hughs, 21 N. E. 908. Money loaned to a corporation for a purpose *ultra vires* can be recovered.   Thompson v. Lambert, 44 Iowa 239; Bradley v. Bullard, 55 Ill. 413.   So money loaned with knowledge that it is to be used for an illegal purpose can be recovered.   Tracy v. Talmage, 14 N. J. 162; Webber v. Donely, 33 Mich. 473; Hill v. Spear, 50 N. H. 253; Kriss v. Seligman, 8 Barb. 439; Brewing v. Mason, 46 N. W. 558; Feinman v. Sachs, 7 Pac. 222.

A preference will be sustained  provided there is no fraud. Planter's B'k v. Whitt, 6 Corp. cases 298; Buell v. Buckley, 16 Ia., 284; Whitwell v. Warner, 20 O. St. 425; Gardner v. Preston, 1 Watts 385; Ashurt's Appeal, 60 Pa. St. 290; Railroad v. Calighom, 1st Spear Eq. 545; Smith v. Skeany, 47 Conn., 47; Catlin v. Bank, 47 Conn., 233; Seargent v. Webster, 13 Met. 497; Wasatch Min. Co. v. Jenning, 15 Pac. 65.

A sheriff must make the levy, not in the order in which the judgments were entered or docketed or execution issued, but in the order in which executions were placed in his hands. Knox v. Webster, 18 Wis. 410.   The maxim that he that asks equity must do equity, is applicable to all complainants seeking relief from judgments.   Freeman on Judg. 516; Crerd v. Scruggs, 1 Heisk 590; Shilton v. Gill, 11 Ohio 417; Hill v. Harris, 42 Ga. 412.

The assets of an insolvent corporation are a trust fund for the payment of the debts and  a court of equity will divide it *pro rata* among the creditors.   1st Pom. Eq. 407; Adams v. Milling Co., 36 Fed. 212; Peters v. Madison, 34 N. W. 190; Mormatz on Corp., 861.

*John H. Perry,* for respondent.

The appellate court will presume in support of a judgment that the facts essential to support such judgment were found in favor of the recovering party and were considered by the trial court. Sheldon v. Sherman, 42 N. Y. 484; Meyer v. Lathrop, 73 N. Y. 315; Hays v. Miller, 70 N. Y. 112; Grant v. Moore, 22 N. Y. 323; Ryder v. Powell, 28 N. Y. 310; Doly v. Carlos, 31 N. Y. 549; Oberlander v. Spies, 45 N. Y. 175; Braynard v. Dunning, 30 N. Y. 211; Phelps v. McDonald, 26 N. Y. 82; Smith v. Coe, 29 N. Y. 666; Milhan v. Sharp, 27 N. Y. 624; Phillip v. Gallant, 62 N. Y. 256. Facts not found, and concerning which no finding was requested, cannot be considered for the purpose of reversing a judgment. Burnap v. Nat. Bk., 96 N. Y. 125; Thomson v. Bank, 82 N. Y. 1.

If the findings of the court are defective in omitting to pass upon any question, the proper mode of obtaining relief is to apply to the court for a more specific finding. Conklin v. Hinds, 16 Minn. 457; Bazil v. Ulman, 2 Minn. 110; Culleff v. Hillhouse, 3 Minn. 217; Foster v. Vorghlander, 13 Pac. 777; Busby v. Chaunauct, 13 B. M. 554.

It is imcumbent upon the party seeking a reversal of a judgment to show affirmatively that an error was committed to his prejudice. Standard Oil Co. v. Triumph Ins. Co. 64 N. Y. 85; Tracy v. Altmer, 46 N. Y. 598; Appleby v. Erie Co. 62, N. Y. 12; Carman v. Pulz, 21 N. Y. 547; Briant v. Trimmer, 47 N. Y. 96.

Persons dealing with a corporation and with its officers must take notice of the limitations placed upon their authority by the act of the corporation. Pierce v. Madison, 21 How. 441; Alexander v. Cauldwell, 83 N. Y. 480.

A confession of judgment in favor of an officer by an insolvent corporation is void. Adams v. Cross Co., 27 Ill. 313; Bradley v. Farwell, 1 Holmes 433; Hopkin's Appeal, 90 Pa. St. 69; Adams v. Kehlor Min. Co., 35 Fed. 433; Richards v. New Hamp. Ins. Co. 43 N. H. 263; Smith v. Putnam, 61 N. H.

632; Smith v. Lansing, 22 N. Y. 521; Butts v. Woods, 37 N. Y. 317; Corbett v. Woodward, 5 Sawyer, 403; Hope v. Salt Co., 25 W. Va. 807; Stout v. Yeager Milling Co., 13 Fed. 802; Sweeney v. Grape Co., 8 Am. St. 88; Jones v. Arkansas, 38 Ark. 17.

FULLER, J.   From the uncontroverted averments of the complaint and from the findings of the referee we obtain the following facts:  On the 9th day of May, 1888, the Hicks-Trask Hardware Company, a corporation, being insolvent, confessed judgments against itself in favor of each of the defendants C. E. Deyette and W. W. Lewis, amounting to $1,469.26;   the Deyette judgment being for $649.-84, and the Lewis judgment for $819.42.  After entry of the above judgments, and on the 12th day of the same month, said defendant confessed numerous other judgments, among which there was one in plaintiff's favor  for $1,319.47.   Executions issued in succession, and the property of the defendant corporation was levied upon in the order above indicated, and in the order in which the respective judgments were entered and docketed, and the property of the corporation was found to be insufficient to satisfy the judgments which preceded that of the plaintiff.   The referee made, among others, the following findings of fact:  "(14) That the consideration of the confession of judgment in favor of Charles E. Deyette was as follows:   $514.60, money loaned to the Hicks-Trask Hardware Company on January 20, 1888, was borrowed by said  company for the purpose of using the  same  to  purchase  the stock of said company held by Trask, and on account of  the indebtedness of $134.22, owing to said Deyette by said  corporation for work and labor done  by said  Deyette for  said corporation. (15) That the defendant Deyette had actual  knowledge of the purpose and intent of the said corporation to use the same in the purchase of stock.   (16) That the consideration of  the judgment of the defendant Lewis was $514.60 money loaned to  the said corporation by him about January 20, 1888, and borrowed by

said company for the purpose of using the same in the purchase of stock of said corporation held by Trask; and the sum of $304.-07, due Lewis from said corporation on account of services rendered by Lewis to said corporation. (17) That defendant Lewis knew of the purpose and intent for which said money was borrowed by said corporation. (18) That the defendant Lewis, at the time of and prior to the making of said confession of judgment to himself, was a director of said corporation, and secretary thereof, and signed said confessions as secretary on behalf of said corporation. (19) That the defendant Deyette, at the time of said confessions of judgment by said corporation to himself, was not a director. (20) That no written consent of the stockholders of the Hicks-Trask Hardware Company was ever had to the purchase of stock from Trask by said corporation. (21) That on May 12, 1888, executions were issued from the district court upon the said judgment of said plaintiff to the sheriff of Brown county, in which said defendant the Hicks-Trask Hardware Company had its place of business. (22) That executions issued from the clerk of the district court of Brown county, on each of the judgments of the defendants Foster, Deyette, and Lewis, and were by him levied on the personal property of the Hicks-Trask Hardware Company, and all thereof, and the said sheriff sold the same, and holds the money realized from said sale, to be applied on said executions according to the decree of this court. (23) That the proceeds arising from said sale is not sufficient to pay the judgments against the Hicks-Trask Hardware Company prior to the judgment of plaintiff." Upon these findings of fact the following conclusions of law were based: "(2) That the judgment of the defendant Deyette, as to the sum of $514.60, money loaned to the said corporation for the purpose of purchasing stock, is invalid, for the reason the Hicks-Trask Hardware Company and the officers thereof had no power to borrow money, for the purchase of its stock, and, the defendant having loaned said money knowing of the illegal purpose for

which it was to be used, cannot recover the same from said corporation. (3) That as to the sum of ¦$134.25, included in the judgment of said Deyette, the same is valid, and should stand and be enforced for said sum of $134.25. (4) That judgment of the defendant Lewis is invalid for the reason that the confession of the same, made by him and obtained by him when he was a director of said corporation, was an illegal preference as against the creditors of said coporation, and that the relief prayed by plaintiff should be granted as against said Lewis. (5) I further find as to the judgment of the defendant Lewis that as to the sum of $514.60 it is invalid for the reason that as to said amount the consideration was for money loaned to said corporation by Lewis for the illegal purpose of purchasing stock in said corporation." Judgment by the court was accordingly entered on motion of plaintiff's counsel, and defendants Deyette and Lewis appeal therefrom.

The record before us presents questions of law only, and for the purpose of this appeal it will be presumed that the findings of fact fully accord with, and are sustained by, the evidence, as the same was not preserved in a bill of exceptions, and the insufficiency of the evidence to sustain such findings is not assigned as error. Manufacturing Co. v. Galloway (S. D.) 58 N. W. 565; Pierce v. Manning (S. D.) 51 N. W. 332; Hawkins v. Hubbard, Id. 774. Counsel for appellants maintains that the conclusions of law and the judgment entered thereon are not sustained by the findings of fact, and that the court erred in declaring as to the plaintiff the entire judgment of the defendant Lewis fraudulent and void, and the judgment of defendant Deyette fraudulent and void as to the sum of $514,60; and that the referee failed to make findings upon a number of the material issues raised by the pleadings and essential to a determination of the rights of the parties. No findings of fact were presented to the court by counsel for defendants, and no request was made for more specific or additional findings, and appellants are not in a position to demand a reversal of the

judgment for that reason, in the absence of anything to indicate that they were prejudiced thereby, and in case it should be found that the findings are sufficient to support the judgment, notwithstanding such omissions. Burnap v. Bank, 96 N. Y. 125; Thomson v. Bank 82 N. Y. 1; Conklin v. Hinds, 16 Minn. 457 (Gil. 411); Foster v. Voigtlander (Kan.) 13 Pac. 777.

The pleadings in this case raised an issue of fraud on the part of the corporation in purchasing its own stock, in borrowing money for such purpose without authority, and in confessing judgments upon obligations thus incurred. The referee found as matters of fact that defendants Deyette and Lewis had actual knowledge, at the time they loaned the money, that the same was to be used in the purchase of the Trask stock, and that the defendant Lewis was a director and secretary of said corporation at and prior to the confession of these judgments, and as such secretary joined in their execution on behalf of said corporation, and at a time when he was chargeable with a knowledge of its insolvency and inability to pay its obligation to this plaintiff. In the absence of an opportunity to examine the evidence, and without indulging unwarranted presumptions in favor of the correctness of the conclusions of law and judgment of the court, we are disposed to believe that the action of the corporation and its officers under the circumstances was unwarranted in law, and constituted a fraud upon the plaintiff, and justified the court in declaring the judgments of defendants void, so far as they interfered with the rights of this plaintiff. The property and capital of a corporation gives it financial standing, because it is primarily liable for its debts. Persons extending credit to such corporations do so upon the faith that its officers and agents will conduct its affairs in a manner consistent with business principles; and when such officers devote the corporate assets to their individual use and benefit to the exclusion of creditors, courts without hesitation characterize such acts, as to creditors, fraudulent and void. Independently of the question of actual fraud in the

case under consideration, the immediate effect of the purchase of the Trask stock at a time when the corporation was financially embarrassed, if not, indeed, insolvent, was to increase its liability, without adding anything to its resources to which plaintiff could look for the security or payment of its claim; and such conduct is contrary to the spirit, if not the letter, of our statute, and is not upheld by the courts. Comp. Laws, §§ 2917, 2928. In Currier v. Slate Co., 56 N. H. 262, the court says: "The funds of an insolvent corporation cannot be taken to buy a portion of its capital stock. * * * It would be grossly inequitable to the other stockholders, and a fraud upon creditors." From Coppin v. Greenlees, 38 Ohio St. 275, we quote the following: ("The doctrine that corporations, when not prohibited by their charter, may buy and sell their own stock, is supported by a line of authorities; but nevertheless we think the decided weight of authority, both in England and in the United States, is against the exercise of the power, unless conferred by express grant or clear implication. * * * It is true, however, that in most jurisdictions where the right of a corporation to traffic in its own stock has been denied an exception to the rule has been admitted to exist, whereby a corporation has been allowed to take its own stock in satisfaction of a debt due to it. This exception is supposed to rest upon a necessity which arises in order to avoid loss." If a corporation, to the injury of creditors, can borrow money for the purchase of one share of its stock, or the stock held by one member, it can borrow money with which to purchase the shares of all its members, and thus destroy its very existence, as no corporation like the defendant can have an existence in this jurisdiction without stock and without stockholders. The doctrine is well established that a purchase of shares in itself by a corporation is against public policy, and *ultra vires*, whenever such purchase diminishes its ability to pay its debts, or lessens the security of its creditors. Bank v. Wulfekuhler, 19 Kan. 60; Gill v. Balis, 72 Mo. 424; Barton v. Plank-Road Co., 17 Barb. 397; Clapp v.

Peterson, 104 Ill. 26; 1 Spell. Priv. Corp. 168, and cases there cited. By confessing judgments when insolvent, and for debts incurred in the purchase of its stock without authority, and in favor of the defendants, who had actual knowledge at the time of loaning the money that the same was to be thus used, the corporation attempted to give such defendants a preference over other creditors, and to defeat the collection of the plaintiff's claim, which was confessedly valid and subsisting· Without going into an extended discussion concerning the powers of and limitations upon corporations, we are satisfied that the judgment should be sustained upon the broad principles of justice and equity, and upon the doctrine that an insolvent corporation is without power to prefer its creditors in cases like the present; and in our opinion, its action in that regard was fraudulent in law, and ineffectual for every purpose.

In Ford v. Bank (Wis.) 58 N. W. 766, Newman, J., speaking for the court, says: "The law applicable to the question is well settled. The corporation, being only a fictitious body, can act only through agents, called 'directors.' The directors manage the business for the stockholders. But when insolvency of the corporation happens, then the duty and functions of the directors are changed. Then they become trustees, for the creditors of the corporation, of all the corporate property and rights. They are trustees for all creditors, and are bound to preserve and administer all the corporate property in the interest impartially of all the corporate creditors. Being the trustees of all the creditors, they are incapable af making any preference of their own claims, or of giving peference to the claim of any creditor." While the defendant Deyette was not a director at the time of judgment was confessed in his favor, he had been in the employ of the corporation, and had actual knowledge, at the time he loaned the money, that the same was being borrowed for the purpose of buying the stock of the corporation; and, in the absence of a finding that he actually knew that the written consent of the directors had not

been obtained as required by statute, he is charged with a knowledge of the law requiring such consent, and is presumed to have known that the purchase was being made without authority. In any event, he was in possession of sufficient facts to put him on inquiry, which, if prosecuted in good faith, would have placed him in full possession of such knowledge. In our opinion, the judgment is sustained by the findings of fact, and, as the judgments of defendants as confessed by the corporation are fraudulent and void as to this plaintiff, no rights can exist under them antagonistical to plaintiff, and the judgment of the trial court is affirmed.