PORTLAND CONSOLIDATED MIN. CO. v. ROSSITER *et al.*

Two directors of an insolvent corporation owned two-thirds of certain causes of action against it, all of which were assigned to a third party for the sole purpose of placing the same in judgment.   The summons was served on the directors as vice president and secretary, respectively, and a default judgment entered, under which all of the corporate property was sold on execution in satisfaction of the judgment, which amounted to less than half the value of the property.   Held, that the judgment was fraudulent and void as to other creditors of the corporation.

· (Opinion filed May 8, 1903.)

Appeal from circuit court, Lawrence county.   Hon. Jo
· SEPH B. MOORE, Judge.

Action by the Portland Consolidated Mining Company against Michael D. Rossiter and others.   From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*Martin & Mason,* for appellant.

*McLaughlin & McLaughlin,* for respondents.

FULLER, J.   On its own behalf as well as that of all other creditors choosing to participate, plaintiff, a corporation and judgment creditor, after exhausting its remedy at law, instituted this action against Michael D. Rossiter and his codefendant, an insolvent corporation, for the purpose of obtaining a decree in equity subjecting the property of such corporation to the payment of its debts.   On the ground that the facts stated were not sufficient to constitute a cause of action, the trial court sustained a demurrer to the complaint in the nature of a creditors' bill, and plaintiff appeals.

Omitting reference to the usual averments of corporate capacity, the amount due on appellant's judgment, the insolvency of both respondents, and issuance of an execution, which was returned unsatisfied, counsel for appellant fairly state the substance of the material facts alleged in the complaint as follows:

"(5) On February 14, 1898, the said defendant Rossiter obtained by default a judgment in the circuit court of Lawrence County, S. D., against the defendant corporation upon six causes of action for the aggregate sum of seventeen thousand nine hundred twelve dollars and fifty-three cents.

"(6) That each of the causes of action mentioned in the foregoing paragraph were assigned by the owners thereof to the defendant Rossiter solely for the purpose of placing the same in judgment, and that defendant Rossiter took said assignments as trustee of an express trust; that the owners of the said causes of action remain the real and equitable owners thereof, the defendant Rossiter simply representing them for the purpose of obtaining judgment thereon.

"(7) That one of the said causes of action was and is in favor of Bryan E. Rossiter for an indebtedness incurred prior to the

commencement of said suit, to the amount, as alleged in said suit, of nine thousand one hundred forty-six dollars and ninety-seven cents; that another of said cause of action was and is in favor of J. Stuart Stevenson on an indebtedness incurred prior to the commencement of said suit of an amount, as alleged therein, of two thousand eighty-two dollars and ninety cents; upon information and belief that said Bryan E. Rossiter and J. Stuart Stevenson were at the time of the commencement of said action, and are now, directors and officers of the defendant corporation.

"(8) That the summons in the action of Michael D. Rossiter against the defendant corporation was served upon the said Byran E. Rossiter as vice president of the defendant corporation, and upon the said J. Stuart Stevenson as secretary thereof, on January 12, 1898, and that no other parties were served with process in said action; that the said Bryan E. Rossiter is the brother of the defendant Michael D. Rossiter; and that by said suit of Michael D. Rossiter it was attempted to give a preference to directors and creditors of an insolvent corporation over other creditors thereof.

"(9) That immediately upon the entry of said judgment in favor of said Michael D. Rossiter execution was issued thereon, and levied upon the cyanide mill premises, machinery etc., of the defendant corporation, situated in the First Ward of Deadwood, S. D.; that such proceedings were thereupon had that the said property so levied upon was on March 28, 1898, sold to the defendant Michael D. Rossiter by the sheriff of Lawrence county for the full amount of said judgment, interest, and costs, and that the said Michael D. Rossiter now claims to be the owner thereof.

"(10) That the value of said cyanide mill, machinery, and appurtenances so sold to said Michael D. Rossiter is forty-five thousand dollars; that the defendant corporation has no other property than that so sold to the said Michael D. Rossiter.

"(11.) That the said execution sale to the said Michael D. Rossiter was made with intent to hinder, delay, and defraud this plaintiff and the creditors of the defendant corporation; and that the same does, hinder, delay, and defraud this plaintiff and the other creditors of the defendant corporation.

"(12) That the cyanide mill and appurtenances was at the date of said sale, and has been ever since, leased, and that the defendant Michael D. Rossiter has since said sale, and is now, collecting the rentals and income therefrom; that the defendant Rossiter claims that the interest of the corporation in the land upon which said mill and machinery are situated was at the date of said sale leased upon a two-years unexpired leasehold term, and defendants claim that said execution sale was, therefore, absolute, and not subject to redemption, but that said cyanide mill and machinery were prior to said sale the property of the defendant corporation, which had the right to remove the same after the expiration of its said lease. The plaintiff prayed judgment for a receiver of the rents and incomes; for an injunction restraining defendant Rossiter from incumbering or disposing of the property attempted to be purchased at execution sale; that the judgment referred to in favor of defendant Rossiter against the defendant corporation and the execution sale thereon be declared void, and be set aside, and that the property so attempted to be sold be applied in satisfaction of plaintiff's judgment and of the claims of other creditors who should come in under this proceeding and contribute to the expenses thereof."

The question of law to be determined is whether a judgment against an insolvent corporation, obtained in the manner stated, and for the purpose of preferring officers and stockholders, is void as to creditors. ) Applying an elementary rule giving creditors priority over stockholders, we said, in Adams v. Deyette, 5 S. D. 424, 59 N. W. 216, 49 Am. St. Rep. 887, that: "Persons extending credit to such corporation do so upon the faith that its officers and agents will conduct its affairs in a manner consistent with business principles; and when such officers devote the corporate assets to their individual use and benefit to the exclusion of creditors, courts without hesitation characterize such acts, as to creditors, fraudulent and void." It was also held in South Bend Toy Mfg. Co. v. P. F. & M. Ins. Co., 4 S. D. 173, 56 N. W. 98, that: "The capital stock of every corporation is a trust fund for the payment of its debts, and its creditors have the right of priority of payment over any stockholder. Judgment creditors of a corporation may sustain an action as in equity to reach and apply concealed assets or misappropriated property, the same as against individual debtors." So far as can be determined in the absence of a brief on the part of respondents, the proposition is not questioned that directors of an insolvent corporation are precluded from obtaining advantage for themselves to the prejudice of other creditors, but the theory upon which the demurrer was sustained appears to be that a preference secured through ordinary proceedings of law is unassailable. The conclusion reached in Adam v. Deyette, supra, that the directors of an insolvent corporation, as trustees for all creditors, are bound to preserve and equally administer all of the property in the interest of all of the creditors, and are incapable of

preferring one another, is broad enough to include a judgment by default secured principally for their exclusive benefit, and by service of the summons upon themselves. In the case of Tennant v. Appleby (N. J. Ch.) 41 Atl. 110, it was held by the New Jersey Court of Chancery that: "Where a director who was controlling stockholder obtained a judgment against his corporation, and by a levy secured a lien on practically all of the assets for the purpose of preferring himself to other creditors when the corporation was insolvent, it was a violation of his duty as trustee of corporate funds for the creditors; and his assignee pendente lite with notice may be required to pay the proceeds over for distribution among all the creditors." Under the circumstances of the case now before us and upon principle there is no distinction between the confessed judgment adjudged by this court to be fraudulent and void in the case of Adams v. Deyette and the default judgment here sought to be vacated and set aside. It would be inequitable to judicially sanction this judgment and execution sale of all the corporate property, aggregating $45,000, in satisfaction of an antecedent debt of less than one-half that amount, two-thirds of which is owned by directors of the insolvent corporation charged with the legal obligation of protecting the paramount rights of creditors.

The order sustaining the demurrer is reversed, and the case remanded for further proceedings.