KEYES, Appellant, v. BLUE BELL MEDICINE COMPANY, Respondent.

(148 N. W. 505.)

**1.  Contract—Rescission—Exchange of Corporate Stock—Fraud—Laches.**

Where plaintiff, who had exchanged land for corporate stock, held the stock for over two years, during which time the corporation became insolvent and creditors had filed claims in bankruptcy, held, he was barred, by his laches, from thereafter seeking to rescind the contract on ground of fraud in sale of the stock.

**2.  Corporations—Bankruptcy—Guaranty Concerning Preferred Stock —Claim on Guaranty, Filing of.**

Where a corporation, for some of whose preferred stock plaintiff exchanged land, guaranteed retirement of the stock and

repayment of its par value, including a percentage premium, with interest, on or before five years, **held,** the purchaser may present a general claim in bankruptcy on the guaranty against the corporation's receiver.

3.  **Corporations—Bankruptcy—Officer's Loan to Corporation—Preference Right by Attachment.**

Where, during the management by an officer of a corporation, the company became, to his knowledge, insolvent, the officer, who loaned it money when it was apparently solvent, cannot, by attaching its assets, secure a preference over other creditors.

4.  **Corporations—Bankruptcy—Officer as Attaching Creditor—Reimbursement for Interest and Tax Payments.**

Where an officer of a corporation which became insolvent during his management, attached its assets to secure his mortgage loan claim against it, he is entitled to reimbursement for money paid by him as interest on the loan and taxes on the mortgaged property.

Smith, P. J., not sitting.

(Opinion filed July 25, 1914.)

Appeal from Circuit Court, Codington County. Hon. Chas. X. Seward, Judge.

Action by D. L. Keyes against the Blue Bell Medicine Company and others. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed and remanded, with directions.

*Wilbur S. Glass, Hanten & Hanten,* and *Perrett F. Gault,* for Appellant.

*McFarland & Johnson,* for Respondents Baskerville, and Elkins, as Sheriff.

*Loucks, Mather & Stover,* for Respondents Blue Bell Medicine Company, and Thomas H. Davis, Receiver.

(1) Under point one of the opinion, Appellant cited:

Park v. Kribs, 60 S. W. 904 (Tex.); Dayton v. Monroe, 10 N. W. 196 (Mich.); Duffield v. Iron Works, 31 N. W. 310 (Mich.); Higgins v. Crouse, 42 N. E. 6 (N. Y.).

Respondents Blue Bell Medicine Company and Davis, Receiver, cited:

Duffield v. Wire and Iron Works, 31 N. W. 310 (Mich.); Ogilvie v. Knox Ins. Co., 22 How 380; Upton v. Tribilcock, 91 U. S. 45; Chubb v. Upton, 95 U. S. 667; Anchor Inv. Co. v. Kirkpatrick, 61 N. W. 27; ex parte Hale, 55 L. T. (N. S.) 670; Bartol

v. Walton Whann Co., 92 F. 13; German Nat. Bank Receiver v. Nagel, 82 S. W. 433; German Savings Bank v. Des Moines Natl. Bank, 98 N. W. 606; Meholin v. Carlson, 107 Pac. 755; Lewless v. Detroit G. H. & M. R. Co., 32 N. W. 790.

Respondents Baskerville and Elkins, Sheriffs, cited:

2 Thompson on Corporations, §§ 1438, 1449, 1450, 526. See also §§ 1440, 1450, 1451, 1452, 1454 and 1455. Upton v. Tribilcock, 91 U. S. 55; Morawetz on Corporations, § 375; Upton v. Englehart, 3 Dill. 496, 499; Jones on Insolvent and Failing Corporations, § 399.

(2) Under point two of the opinion, Respondents Baskerville and Elkins, Sheriffs, cited:

Morawetz on Private Corporations, § 345. Preferred shares or preference shares impliedly means that interest shall be paid out of the profits only. Morawetz on Private Corporations, § 352.

(3) Under point three of the opinion, Appellant cited:

Thompson on Corps. Vol 6, § 7796; Adams & Co. v. Deyette, 5 S. D. 418; Portland Consol. Min. Co. v. Rossiter, 16 S. D. 633; Cook on Corporations, Vol. 2, § 692, p. 2124.

Respondents Blue Bell Medicine Company, and Davis, Receiver, cited:

Thomp. on Corp., §§ 1323, 1441; Pease v. Smith, 63 Ill. App. 311; In re Muchfeld & Haynes Piano Co., 42 N. Y. 892; In re Pond, 46 N. Y. Sup. 999; Fox v. Union Turnpike, 75 N. Y. Sup. 464; National Park v. Clark, 87 N. Y. Sup. 185; Woodhull v. Farmers Trust Co., 90 N. W. 759.

GATES, J. On November 25, 1908, plaintiff entered into a contract with the Blue Bell Medicine Company whereby he exchanged 320 acres of land for 120 shares of the preferred treasury stock of said company. Five of these shares he turned over to one Griffing. On February 25, 1911, he brought this action for rescission of the contract on the ground of fraudulent misrepresentations as to the value of the shares of stock. After the transfer of the land, a mortgage of $4,500 was placed upon the land, which is still outstanding. On September 1, 1909, the defendant Baskerville, at all times a stockholder and director of the company, loaned the company $5000, taking its promissory note therefor. On September 10, 1910, he began suit upon said note and caused the said land to be attached. Thereafter, on the same day insolvency pro-

ceedings were begun against the company and on September 12, 1910, the company was adjudged insolvent and the defendant Thomas H. Davis was appointed and qualified as receiver. On January 23, 1911, judgment was rendered by default in favor of defendant Baskerville in the attachment case and the attached property was directed to be sold to satisfy said judgment. Notice of the sale of said property under an execution issued thereon was pending when plaintiff began this action. The company, Thomas H. Davis as receiver of the company, the sheriff of Codington County and M. R. Baskerville were made defendants in this action. Findings of fact, conclusions of law and judgment were entered denying plaintiff the relief sought and establishing the lien of the attaching creditor Baskerville. From the judgment and order denying a new trial plaintiff appeals.

[1-2] Appellant first contends that the trial court erred in failing and refusing to make a finding upon the question of fraud. In as much as the trial court found that the attempted rescission came too late and inasmuch as we sustain such finding, it becomes unnecessary to consider that question.

At the time of the transfer the company was solvent. At the time of the attempted rescission it was insolvent and had been in the hands of the receiver about five and a half months. Unpaid claims in excess of $58,000 had been filed with the receiver and there were not enough assets to pay the claims. Plaintiff had been the owner of the shares of stock more than two years and had never received a dividend thereon. Plaintiff must be charged with laches in asserting his claimed right of rescission. Through delay and owing to the insolvency of the corporation he has lost such asserted right. Morawetz on Corporations, §839, Cook on Corp. §161, 164; Jones on Insolvent and Failing Corporations, §399; Fear v. Bartlett, 81 Md. 435, 32 Atl. 322, 33 L. R. A. 721; South Bend Toy Mfg. Co. v. Pierre F. & M. Ins. Co., 4 S. D. 173, 56 N. W. 98.

But in addition to his asserted right of rescission, plaintiff claims under a special contract of guaranty made with the company at or about the time of the transfer. By this contract the company guaranteed the retirement of this preferred treasury stock and the repayment of its par value, including a premium of twenty-five per cent, with interest, on or before five years. Prior to be-

ginning the action plaintiff made demand for the fulfillment of the guaranty.  While not entitled to rescind the original contract and recover the land, he was entitled to a general claim against the assets of the company for the amount due under the guaranty.  He thus became a general creditor of the concern.  As such general creditor, he was entitled to and did question the right of defendant Baskerville to a preference under his attachment proceedings.

[3-4] Defendant Baskerville made the loan to the company in September, 1909, when it was apparently solvent, but at the time that he attempted to secure a preference by attachment the company was insolvent.  Whether he might lawfully have received security for his loan at the time it was made, is not a question we are called upon to decide.  But when thereafter, during his management, the company became insolvent, he clearly was not entitled at the time of the attachment to a preference over the other creditors. He not only was chargeable with notice of the insolvency of the corporation at the time he took out the attachment, but the record shows that he actually knew it.  Adams & Westlake Co. v. Deyette, 5 S. D. 418, 59 N. W. 214, 49 Amer. St. Rep. 887; Portland Con. Min. Co. v. Rossiter, 16 S. D. 633, 94 N. W. 702, 102 Am. St. 726; Furber v. Williams-Flower Co., 21 S. D. 228, 111 N. W. 548, 8 L. R. A. (N. S.) 1259, 15 Ann. Cas. 1216; Trindade v. Atwater C. & P. Co. (Cal. App.), 128 Pac. 756; Compton v. Schwabacher Bros., 15 Wash. 306, 46 Pac. 338; Cook on Corporations, § 692; Jones on Insolvent and Failing Corporations, § 126.  The land in question subject to the mortgage thereon is then a part of the general assets of the company.

Defendant Baskerville has, however, expended money in the payment of interest on the mortgage.  As to such payments and as to any other payments for interest or taxes he is entitled to be reimbursed.

The judgment of the trial court is reversed with directions to enter judgment in favor of plaintiff and against the company and the receiver as a general claim against the estate, for the amount due under the guaranty upon the 115 shares of stock still held by plaintiff, upon the surrender of the certificates for such shares, and that judgment be entered vacating the attachment of defendant Baskerville upon the land in question and enjoining the sheriff from proceeding to sell that land under execution; but not in any

way restricting defendant Baskerville's right to participate in the assets of the company as a general creditor under his said judgment; and that the receiver be directed to reimburse defendant Baskerville for such sums as the trial court may find that he has expended in payment of the interest on the mortgage on said land or in the payment of taxes thereon.  No costs will be taxed in this court.

SMITH, P. J., not sitting.