BLOMQUIST, Receiver, Respondent, v. SOUTHERN MINNESOTA JOINT STOCK LAND BANK, Appellant.

(220 N. W. 876.)

(File No. 6126. Opinion filed August 18, 1928.)

*Ed. L. Grantham*, of Rapid City, *Thad L. Fuller*, of Aberdeen, and *Chas. E. Chrisman*, of Ortonville, Minn., for Appellant.

*Robert D. Jones*, of Milbank, for Respondent.

BROWN, J. In May, 1924, Gold Bros. Security Company, a corporation, was insolvent and on the application of one of its stockholders a receiver was appointed. On April 29th, a few days before the appointment of the receiver, the corporation, which owned about 1,500 acres of land on part of which defendant had a mortgage for $19,000, gave defendant chattel mortgages for amounts due for interest on this mortgage, on its share of the crops to be raised in the year 1924 by the tenants on this land. The aggregate value of the landlord's share of the crops so raised, after deductions conceded by both parties to be proper, and including interest to the date of judgment, was $5,682.15, which was less than the amount due on the chattel mortgages, and for which sum judgment was entered in favor of the receiver in this action brought to recover the value of the crops taken by defendant under its chattel mortgages, the receiver claiming that the mortgages were void as unlawful preferences. From the judgment and an order denying a new trial, defendant appeals.

In addition to claiming under the chattel mortgages, de-

fendant claims that it is entitled to hold the crops from the Cava-- naugh farm under an agreement made with the corporation on January 2, 1924, which recited in substance that, whereas it was necessary in order to properly farm that part of the land that certain repairs on the buildings and fences and the erection of certain new buildings and a windmill were necessary, it was agreed that defendant might at any time enter on the premises for the purpose of making such repairs and improvements, and that the amount of all sums expended therefor, together with interest thereon, should be repaid to defendant from the proceeds of the crops raised on said land, and that the agreement should be held to constitute a lien against the premises to insure the repayment of said sums. Defendant also seeks to support its right to the landlord's share of the crops as a mortgagee in possession, claiming that the corporation gave it possession of the land by the terms of the agreement of January 2d. All the facts in the case are stipulated. We are satisfied that defendant had no rights as a mortgagee in possession because the stipulated facts do not show any possession taken by defendant or any occupation of any part of the land by it for any other purpose than to make the improvements referred to in the agreement.

■ Neither can any claim to the crops be maintained by defendant on the theory of a lien under that agreement. No lien is given upon the crops by the language of the agreement, which is:

"This instrument shall be held and constitute a lien against *said premises* to insure the payment of said sums."

The lien, if any, is against the land, not against the crops.

■ In Farmer's Savings Bank v. Bergin (S. D.) 216 N. W. 597, it is said to be—

"* * * well settled in this state that an insolvent corporation may not prefer its creditors, but that upon insolvency the assets of such corporation become a trust fund for the payment of its creditors on an equal pro rata basis. Bank v. Williams, 48 S. D. 529, 205 N. W. 221; City of Sturgis v. Meade County Bank, 38 S. D. 317, 161 N. W. 327; Furber v. Williams-Flower Co., 21 S. D. 228, 111 N. W. 548, 8 L. R. A. (N. S.) 1259, 15 Ann. Cas. 1216."

Defendant contends that the trust fund theory announced in these cases becomes effective only after an adjudication whereby the function of the corporation's officers is suspended and its prop-

erty is in custodia legis, and that so long as the corporation is a going concern it may prefer its creditors just the same as an individual. The same contention was made in Farmers' Savings Bank v. Bergin, supra, but did not receive the approval of the court.

The corporation involved in Adams & Westlake Co. v. Deyette, 5 S. D. 418, 59 N. W. 214, 49 Am. St. Rep. 887, on rehearing 8 S. D. 119, 65 N. W. 471, 31 L. R. A. 497, 59 Am. St. Rep. 751, was apparently a going concern when it confessed the judgments which were held to be an unlawful preference. It the present case, it is stipulated that at the time the chattel mortgages were taken, Gold Bros. Security Company was insolvent, and that defendant then knew it to be insolvent, and under the uniform decisions of this court it must be held that the chattel mortgages gave defendant an unlawful preference, and the judgment and order appealed from are affirmed.

BURCH, P. J., and SHERWOOD and CAMPBELL, JJ., concur.

POLLEY, J., dissents.