(December 17, 1902.)

## GREEN v. CUSTER COUNTY.

[71 Pac. 115.]

COUNTY INDEBTEDNESS—INSOLVENT BANK—AGENCY.—1. A county treasurer who deposits the public funds in an insolvent bank, and issues checks thereon in payment of outstanding warrants of the county, which checks are not paid, does not discharge the indebtedness of the county evidenced by such warrants, and the holders of said warrants may recover the money due thereon from the county. In such case the county treasurer is acting as the agent of the county, which must suffer by reason of his wrongful acts.

(Syllabus by the court.)

APPEAL from District Court, Custer County.

The facts are stated in the opinion.

Angell & Angell, for Appellant.

This money in the bank was the money of the county. (*State v. Thum,* 6 Idaho, 323, 55 Pac. 858; *First Nat. Bank of Pocatello v. C. Bunting & Co.,* 7 Idaho, 27, 59 Pac. 929.) The court decided that question in the case above cited. The county has recovered judgment from the bank for the amount of $12,241.02 (*First Nat. Bank of Pocatello v. G. Bunting & Co.,* 7 Idaho, 27, 59 Pac. 929), but this plaintiff has received but a small portion of that money. The checks given by the treasurer to the plaintiff were not the checks of J. P. Spalding; they were the checks of the county drawn on its own money by its authorized officer and agent. The debts which they were drawn to pay were not the debts of the officer, but the debts of the county. (*Carpenter v. Farnsworth,* 106 Mass. 561.) The warrants for which these checks were given were left with George E. Keyes, as agent, for collection. The counsel for the defendant contends that the treasurer had no authority to pay anything but cash; plaintiff contends that his agent had no authority to accept anything but cash, and if anything else was accepted, which as between the principals would extinguish the debt, the agent had no authority to accept such payment for his principal. (*Taylor v. Robinson,* 14 Cal. 396; *Bohart v. Oberne,* 36 Kan. 284, 13 Pac. 388.)

W. E. Borah, for respondent, cites no authorities on the points decided, and refers to authorities cited in *Chambers v. Custer County,* post, p. 724, 71 Pac. 113.

QUARLES ·C. J.—The questions involved in this case are very similar to those involved in the case of *Chambers v. Custer Co.* (decided at this term), post, p. 724, 71 Pac. 113. Some facts, however, are found by the trial court in this case which are not found in the case of *Chambers v. Custer Co., supra.* January 22, 1897, the county treasurer of the respondent county drew a check payable to George E. Keyes in payment of certain warrants then held and owned by the appellant .against the respondent county, amounting to the sum of ninety-three dollars and forty-eight cents. On the twenty-sixth day of January, 1897, the treasurer of said respondent county drew two checks —one for eighty-five dollars and twenty-eight cents, and the other for twenty-three dollars and forty-eight cents—payable to George E. Keyes in payment of certain warrants owned and held by the appellant. These checks were drawn upon the bank of C. Bunting & Co., bankers, Blackfoot, Idaho, and received by said Keyes as agent for the appellant. On the fifteenth day of February, 1897, said banking firm failed, and a receiver was appointed by the district court of the fifth judicial district in and for Bingham county, who took charge of the assets thereof. In December, 1898, small payments were made upon said checks by the said receiver, to whom said checks had been presented by the appellant. The respondent county brought an action against C. Bunting & Co., said insolvent banking firm, a corporation, and its receiver, and recovered judgment therein for the sum of $12,241.02, moneys belonging to said county which had been deposited in said bank, before its failure, by said county treasurer, and collected thereon the sum of $7,831. On the twelfth day of July, 1901, appellant presented to the board of county commissioners of the respondent county his claim in writing for the amount due upon said indebtedness, without interest, to that date, the sum of $222.07, and which claim was by said board of county commissioners disallowed. Thereupon the appellant appealed from the order disallowing

his said claim to the district court, and upon trial in the district court the court found the facts as herein stated, and rendered judgment against appellant. From the judgment against him he has appealed to this court.

The action of the county treasurer in depositing said moneys in said bank, unless he did so upon special deposit, was contrary to the criminal statutes of this state. The county treasurer acts under the general supervision of the board of county commissioners. It is the duty of county commissioners to see that the public moneys of their counties are not deposited in banks, or used for private purpose, otherwise than upon special deposit for safekeeping. In this case a loss occurred by reason of such acts. This court held in the case of *State v. Thum,* 6 Idaho, 323, 55 Pac. 858, and in *First Nat. Bank v. C. Bunting & Co.,* 7 Idaho, 27, 59 Pac. 929, that public moneys deposited in a bank do not become assets of the bank, but are trust funds, the title and ownership of which remain in the state or county, as the case may be, and do not become part or parcel of the assets of the bank; and in case of insolvency such moneys are to be paid to the owners thereof, and not distributed among general creditors by the receiver. Upon authority of those decisions the respondent county sued and recovered judgment for $12,241.02, its funds on deposit in said bank at the time of the failure of the bank, and has collected over $7,000 on that judgment. While it is true that the appellant might have presented said checks to the said bank before its failure, yet under the facts we do not think he should bear the loss so far as his claim is concerned, especially in view of the fact that the county has received a large proportion of its money from said insolvent bank, but think that under the principles of equity and justice such loss should be borne by the public. In this case it is not shown that the respondent county was damaged by the failure of appellant to present said checks to said C. Bunting & Co. prior to the fifteenth day of February, 1897. Section 3591 of the Revised Statutes provides: "A check is subject to all the provisions of this code concerning bills of exchange except that: 1. The drawer and indorsers are exonerated by delay in presentment only to the extent of the injury which they suffer

thereby; 2. An indorsee, after its apparent maturity but without actual notice of its dishonor, acquires a title equal to that of an indorsee before such period."

For the foregoing reasons and upon authority of the decision in *Chambers v. Custer Co., supra,* the judgment is reversed, and this cause remanded to the district court for further proceedings consistent with the views expressed in *Chambers v. Custer Co., supra,* and in this opinion. Costs awarded to appellant.

Sullivan and Stockslager, JJ., concur.