(December 17, 1902.)

## CHAMBERS v. CUSTER COUNTY.
[71 Pac. 113.]

CHECK—DILIGENCE IN PRESENTMENT.—Under the statutes of Idaho the holder of a check, or other bill of exchange, payable at sight, without interest, is entitled to ten days in addition to a reasonable time in which to present same for payment, before neglect in presenting can be charged against the said holder.

COUNTY WARRANT—PAYMENT BY WORTHLESS CHECK.—The holder of warrants against the county who presents same for payment and receives in lieu thereof checks upon an insolvent bank, which checks are not paid, can recover from the county the amount of the original indebtedness with accrued interest.

(Syllabus by the court.)

APPEAL from District Court, Custer County.

Angel & Angel, for Appellant.

This is an appeal from an order of the board of county commissioners of Custer county, disallowing claims of the plaintiff for county warrants which have been issued and canceled but never paid, the treasurer having given checks on C. Bunting & Co., at Blackfoot, but which were not paid owing to the failure of the bank. The county board disallowed the claim and an appeal was taken to the district court. The district court decided in favor of the county and from that decision this appeal was taken. The case was tried upon a stipulation of facts

which the court adopted as its findings of fact. This money in the Bunting bank was the money of the county. It was so held by the decision of this court. (*State v. Thum,* 6 Idaho, 323, 55 Pac. 858.) The county has received judgment for $12,241.02—about $7,831 has been paid thereon, but this plaintiff has received no part of that money. A check given by the treasurer upon that bank was not the check of J. P. Spalding, but it was the check of the county; it was the check of the principal, not the officer; the debt was the debt of the principal, not that of the officer. (*Carpenter v. Farnsworth,* 106 Mass. 561, 8 Am. Rep. 360.) The counsel for the defendant contends that the treasurer could not make a valid payment as agent of the county except in money. Granting this to be true, the plaintiff's agent had no authority to accept an illegal payment from the treasurer that would invalidate or extinguish the debt without receipt of the money. She had no authority, express or implied, to waive the legal requirements in the payment of the warrants, and there is no evidence that she accepted anything. An agent for collection has no authority to accept anything in payment but money. (*Taylor v. Robinson,* 14 Cal. 396.) An action on an unpaid city or county warrant is maintainable. (We in this state have a right of appeal as well.) (*Goldsmith v. City of Baker,* 31 Or. 249, 49 Pac. 973; *Terry v. City of Milwaukee,* 15 Wis. 545; *City of Connersville v. Connersville Hydraulic Co.,* 86 Ind. 184; *Travelers' Ins. Co. v. City of Denver,* 11 Colo. 434, 18 Pac. 556.) The county warrant is only *prima facie* evidence of indebtedness. The holder has a right to bring a suit to determine its conclusiveness as a debt upon which a writ of mandate can be based. (*Goldsmith v. Baker City, supra.*) This court in the case of *First Nat. Bank of Pocatello v. C. Bunting & Co.,* 7 Idaho, 27, 59 Pac. 929, in which Custer county, the defendant, was an intervener, held that county money deposited by a county treasurer in a bank became a trust fund and not part of the estate of the bank, and that the receiver must treat such fund as the property of the true owner, the county; that the general creditors were not to share in such public money, in which action Custer county recovered judg-

ment for $12,241.02, of which amount almost $8,000 has been paid; but no part of it has ever been paid to this plaintiff.

W. E. Borah, for Respondent.

Section 3546 of the Revised Statutes provides as follows: "If a bill of exchange payable at sight or on demand without interest is not duly presented for payment within ten days after the time in which it could with reasonable diligence be transmitted to the proper place for presentment, the drawer and indorser are exonerated unless such presentment is excused." Section 3590 says that a check is a bill of exchange. Under our statute, therefore, the check must be presented within ten days after the time of transmission. The only possible excuse which can be urged here is that the plaintiff saw fit to permit his check to go upon a junketing trip to Ohio. Is the county under the circumstances in this case to be held liable because a check took this roundabout way to reach its destination? Was not the plaintiff obliged himself to provide the means of transmission? The effect of section 3546 is to make more definite a certain time within which a bill of exchange shall be presented and to that extent changes the rule of the law-merchant. I do not know that this provision is found in other statutes than those of California, Idaho and South Dakota. At any rate very few decisions are to be had upon it. The statute, however, needs but little construction, as it is plain upon its face as to what it means. In the case below it is said in referring to this statute: "It is said that this was intended to make more definite the rule of the law-merchant as to the due diligence that must be used in presenting the bill for payment. The provision carries that suggestion upon its face, and it must be so understood and construed. Its effect is to allow the holder of such bill ten days beyond the time in which it could with reasonable diligence be transmitted to the proper place for presentment to present the same for payment and for such time to continue the liability of the drawer thereon, etc." (*Warner v. Citizens' Bank,* 6 S. Dak. 152, 60 N. W. 746; Morris on Banking, sec. 421; *First Nat. Bank v. Miller,* 37 Neb. 500, 40 Am. St. Rep. 499, 55 N. W. 1064; *First Nat. Bank v. Buckhannon*

*Bank,* 80 Md. 475, 31 Atl. 302, 27 L. R. A. 332.)   "It is negligence in the holder of the check to send it directly to the drawee residing in a distant place for payment and the holder is responsible for any loss by adopting such a course."   (*Anderson v. Rodgers,* 53 Kan. 542, 36 Pac. 1067, 27 L. R. A. 249.) Another matter to which we call the attention of the court is that there is nothing here to show that these checks were ever presented for payment at any time or notice of nonpayment given to the county treasurer, and certainly without some showing to that effect they are not entitled to recover.   It is apparent that it is not sufficient by any means to simply show that the bank at a certain time went into the hands of a receiver, because the stipulation shows that at the time the bank went into the hands of a receiver there was ample means there to pay these checks and under the law that fund remains there as a trust fund.   Upon these grounds alone they are not entitled to recover upon this statement of facts as they are now before the court.   (*Dowling v. Hunt,* 2 Ariz. 8, 7 Pac. 496; *Bickford v. Bank,* 43 Ill. 238, 89 Am. Dec. 436; *State v. Thum,* 6 Idaho, 323, 55 Pac. 858; *First Nat. Bank v. Bunting & Co.,* 7 Idaho, 27, 59 Pac. 929.)   "Notice of dishonor is necessary in order to hold the drawer of a bill of exchange liable for its payment. (2 Randolph on Commercial Paper, sec. 1201; *Anderson v. Rogers, supra.*)   The statute puts the drawer alongside of the indorser and the drawer is released just the same as the indorser would be.   (*Carroll v. Sweet,* 128 N. Y. 19, 27 N. E. 763, 13 L. R. A. 43; *Kirkpatrick v. Puryear,* 93 Tenn. 409, 24 S. W. 1130, 22 L. R. A. 785; 3 Randolph on Commercial Paper, sec. 11,034; *Himmelmann v. Hotaling,* 40 Cal. 111, 6 Am. Rep. 600; *Barnet v. Smith,* 30 N. H. 256, 64 Am. Dec. 290.)

QUARLES, C. J.—In January, 1897, the appellant, who was then living at Moultrie, Ohio, was the owner of certain warrants against the respondent county. Appellant then left Ohio, and went to Alaska, leaving said warrants with his wife, as his agent. During said month the auditor of said respondent county sent by mail to the wife of appellant to Moultrie, Ohio, notice that some of said warrants, amounting to the sum of

$245.06, including interest thereon from the date of registry of said warrants at the rate of seven per cent per annum, would fall due and be payable by said treasurer on the twenty-seventh day of January, 1897. Thereupon the said wife of appellant forwarded said warrants by mail to the said treasurer of Custer county, who received said warrants at Challis, in the said county. The said treasurer, on the twenty-seventh day of January, 1897, drew his check, as treasurer of the respondent county, upon the bank of C. Bunting & Co., bankers, Blackfoot, Idaho, payable to the order of appellant, for the sum of $245.06, and then mailed the same to the said wife of appellant at Moultrie, Ohio, who received the same on the second day of February, 1897. Thereupon, and prior to the fifteenth day of February, 1897, the said county treasurer, by writing sent through the mail, notified said wife of appellant that other warrants then held by appellant against said respondent county, amounting to $367.50, would be paid at his office in Challis on the last-named date. Thereupon said wife of appellant forwarded said warrants by mail to said treasurer at Challis, Idaho. On the fifteenth day of February, 1897, said county treasurer drew his check upon the bank aforesaid for the further sum of $367.50, and sent the same by mail to the said wife of appellant, who received the same at Moultrie, Ohio, on the twenty-first day of February, 1897. At the time of issuing said checks said warrants were taken up by said county treasurer, and indorsed "Paid," and thereby canceled in the usual manner. The treasurer of said respondent county kept considerable of the public moneys of said respondent county in the bank of said C. Bunting & Co., bankers, at Blackfoot, Idaho, carrying an account therein in his own name as county treasurer. It was optional with parties presenting checks to said county treasurer to receive cash therefor or checks upon said bank. In sending said warrants to said county treasurer the wife of appellant did not direct how the money was to be sent to her; consequently the said county treasurer sent the checks aforesaid. On the fifteenth day of February, 1897, the said bank failed, and its doors were closed, and on that date the district court of the fifth judicial district in and for Bingham

county took possession, by and through its receiver, C. Thum, of the assets of said bank. At the time of the failure of said bank there was deposited therein the sum of over $17,000 payable to the treasurer aforesaid. Said checks being dishonored, appellant, in June, presented the same to the treasurer of respondent county, and demanded payment thereof, and offered to return said checks. The said warrants so held by appellant had never been paid, except in the manner aforesaid. Plaintiff had no knowledge whatever of the transactions between his said agent and the treasurer of said respondent county until long after said bank had failed. The above facts were found by the trial court, and the following conclusions of law predicated thereon by said court: "That the defendant is not liable to the plaintiff upon the claims sued on in this action, and that plaintiff is not entitled to judgment herein, and that the claims of the plaintiff are not valid claims against the county of Custer." On the fourteenth day of December, 1900, appellant presented to the board of county commissioners of the respondent county his claim based upon the said warrants which had been so taken up by said county treasurer, which claim was in writing, duly itemized, and verified by the oath of Texas Angel, agent for the appellant. On the twenty-first day of January, 1901, the said board of county commissioners acted upon said claim, and rejected and disallowed the same. From the order disallowing said claim appellant appealed to the district court, and upon hearing in said court the above findings of fact and conclusions of law were made, and judgment thereon duly rendered and entered against appellant and in favor of the respondent county dismissing said action, from which judgment this appeal is brought.

It is urged upon behalf of the respondent county that appellant was not sufficiently diligent in presenting said checks at the banking house of C. Bunting & Co., bankers, at Blackfoot, for which reason appellant cannot recover herein. Section 3546 of the Revised Statutes provides as follows: "If a bill of exchange payable at sight or on demand, without interest, is not duly presented for payment within ten days after the time in which it could, with reasonable diligence, be transmitted to

the proper place for such presentment, the drawer and indorser are exonerated, unless such presentment is excused." In regard to the first check it will be seen that from the second day of February, the time that appellant's agent received same, until said bank closed its doors and failed to do business, there was intervening thirteen days. The court found as a fact that by the usual course of mail it required four days to transmit said check from Moultrie, Ohio, to Blackfoot, Idaho. If immediately mailed upon receipt of same by appellant's agent at Moultrie, Ohio, on the second day of February, it should have reached Blackfoot on the sixth day of February, but, in addition to the reasonable time, the statute allows ten days, and from the sixth to the fifteenth day of February is only nine days; hence, under this statute, we are not authorized to hold that the appellant is guilty of negligence in not presenting said check at said bank for payment prior to the failure of said bank. As to the second check the facts show that it was drawn and mailed to appellant's agent upon the day that said bank failed and closed its doors, hence no question of negligence in not presenting said check is chargeable to appellant. Under the circumstances we are of the opinion that said checks did not pay said indebtedness evidenced by said warrants. As this court has held, said fund of said county in said bank was a trust fund belonging to said county, and recoverable by the county, and, if said county has not recovered the same (no showing is made in the record as to whether it has or not), the fault is not that of appellant. The respondent county could reach such funds; the appellant could not.

Touching the question that appellant could have demanded cash of said treasurer in payment of said warrants, we do not see how the respondent county was injured in that regard. As between the creditor of the county and the county, the county treasurer is the agent of the latter, and must in law be held responsible to the creditor for the acts of its agent. The board of county commissioners have supervision and control over the office of county treasurer, and should see, as it is their duty to do, that the public moneys of the county applicable to the payment of its debts should be paid thereon and not hoarded in

banking institutions, to be used for private purposes. In our opinion, no rule of law, principle of equity, nor common justice, would throw any portion of this loss upon the appellant. Under the facts found it was the duty of the district court to reverse the order of the county commissioners, with instructions to allow the same.

The judgment appealed from is reversed. Costs awarded to appellant.

Sullivan and Stockslager, JJ., concur.