CITY OF STURGIS, Appellant, v. MEADE COUNTY BANK
et al., Respondents.

(161 N. W. 327.)

(File No. 4064.   Opinion filed February 16, 1917.)

1. **Banks and Banking—Assets of Insolvent Bank as Creditors' Fund—Equality of Creditors—Preference—Equality as Equity.**
   When a bank, insolvent, is taken over by public examiner, its assets become a fund for payment of creditor's claims, and, in absence of reason recognized by law, entitling one creditor to a preference over others, all should be treated alike, and paid in full if assets are sufficient, otherwise to be apportioned according to respective amounts; and as between all such creditors equality is equity.

2. **Same—Deposits, When Title to, Passes to Bank—Debtor-Creditor Relations—Insolvent Bank Creditors' Rights, Exceptions to Rule.**
   As a rule, title to money deposited in bank passes to it, the bank becomes debtor of depositor to the extent of the deposit, and depositor becomes bank's creditor, the deposit constituting part of bank assets, and in case of insolvency, belongs to the creditor in proportion to amount of respective claims, except where deposit is made with the understanding that that particular money or thing is to be returned to depositor, or where it is to be used for specifically designated purpose, or where the deposit itself was wrongful or unlawful.

**3.  Same—Deposit by City Treasurer—Treasurer as Fund Custodian, Right to Deposit in Reputable Bank—Failure of Bank, City's Rights Under, as Preferential Claimant.**

In a suit by a city to recover from an insolvent bank the amount of deposits made therein by city treasurer subject to check, and so made with knowledge of the city authorities, the bank officers knowing such deposits to have belonged to the city, held, that while the law makes city treasurer custodian of city funds, it does not, either in terms or by implication, require him to maintain actual or physical possession thereof, nor keep same in a private safe or vault; and such funds may properly be deposited for safe keeping in a reputable bank, and paid out by check when needed; and where so deposited by city treasurer, such transaction constituted a general deposit, and the relation of debtor and creditor arises thereon between bank and city, and in case of insolvency of the bank, the city has no preferential right as against a claim based on deposit of individual funds.

Appeal from Circuit Court, Meade County.    Hon. FRANK B. SMITH, Judge.

Action by the City of Sturgis, a municipal corporation, against the Meade County Bank, a banking corporation, and J. L. Wingfield, as Public Examiner of the State of South Dakota, establish a preferential claim against defendant bank in favor of plaintiff.    From a judgment for defendants, and from an order denying a new trial, plaintiff appeals.    Judgment and order affirmed.

*Buell & Denu,* and *A. K. Gardner,* for Appellant.

*Charles D. Howe,* for Respondents.

(1) To point one of the opinion, Appellant cited: Sec. 1253, Political Code 1903; State v. Thum, (Idaho), 55 Pac. 858; Bank v. Bunting, (Idaho), 59 Pac. 929; Green v. Custer County, (Idaho) 59 Pac. 929; Green v. Custer County, (Idaho) 71 Pac. 115; State v. Bruce, (Idaho) 102 Pac. 831; Yellowstone County v. Bank, (Mont.) 128 Pac. 596; Myers v. Board of Education, (Kan.) 32 Pac. 659; Independent School District v. King, (Iowa) 45 N. W. 908; Page County v. Rose, (Iowa) 106 N. W. 744; Watts v. Commissioners, (Okla.) 95 Pac. 771; State v. Midland State Bank, (Neb.) 71 N. W. 1011.

(2) To point two of the opinion, Respondents cited: Rev. P. C. 1903, Secs. 1238, 1248, 1249, 1253 and 1254; Rev. C. C. 1903, Secs. 1271, 1353, 1357, 1393, 1608, 1609, 1615 and 1616;

5 Cyc. 514; 3 A. & E. Enc. 826; 1 Morse on Banks and Banking, Sec. 186; Bolles Modern Law of Banking, pp. 439 and 440; Allibone v. Ames, 9 S. D. 74, 68 N. W. 165; In re Nichols, 166 Fed. 603; State v. McFetridge, (Wis.) 54 N. W. 1 and 998; 1 L. R. A. 223; Otis v. Gross, 96 Ill. 612, 36 Am. Rep. 157; Mutual Life Insurance Association v. Jacobs, (Ill.) 16 L. R. A. 516; In re Salmon, 145 Fed. 649.

(3) To point three of the opinion, Respondents cited: Baker v. Williams and England Banking Company, 70 Pac. 711, and cases cited; Brown v. Sheldon State Bank, (Ia.) 117 N. W. 292; Beard v. Independent District of Pella City, 88 Fed. 375.

POLLEY, J.   The defendant Meade County Bank failed, and was taken in charge by the public examiner who proceeded to collect the assets and pay the debts. At the time of the failure of the bank, there was on deposit therein a considerable sum of money belonging to the plaintiff, the city of Sturgis.   This money had been deposited therein by the city treasurer, and it had been the practice of the city treasurer, for several years prior to the time of the failure, to keep the funds of the city on deposit in said bank, subject to check, and pay the same out by check as needed. This was done with knowledge of the city authorities; and the bank, through its managing officers, knew that the money so deposited by the city treasurer belonged to the city. After the failure of the bank, the city presented its claim for payment, and demanded that it be paid in full in preference to the claims of the other creditors.   It is conceded that the assets of the bank were not sufficient to pay its debts in full, but the city claimed that its money constituted a trust fund.   The public examiner allowed the amount of the claim, but refused to give it preference over the claims of other creditors.   The city brought this action for the purpose of establishing a preference, but the trial court sustained the public examiner, and the city brings the case here on appeal.

[1] When a bank becomes insolvent and is taken over by the public examiner, the assets of the bank become a fund for the payment of the claims of the various creditors, and, unless there is some reason, recognized by law, that entitles one creditor to a preference over the others, they should all be treated alike. If the assets are sufficient in amount, the creditors can all be paid in full; but, where there are not sufficient funds to pay the just

claims of all the creditors in full, then such fund as there is should be proportioned among such creditors according to the amount of their respective claims. As between the creditors of an insolvent bank, equality is equity. Cavin v. Gleason, 105 N. Y. 256, 11 N. E. 504. This rule applies to all bank depositors.

[2] As a rule, when money is deposited in a bank, title to such money passes to the bank. The bank becomes the debtor of the depositor to the extent of the deposit, and, to that extent, the depositor becomes the creditor of the bank. Allibone v. Ames et al., 9 S. D. 74, 68 N. W. 165, 33 L. R. A. 585. Such deposit then constitutes a part of the assets of the bank, and, in case of insolvency, belongs to the creditors of the bank in proportion to the amount of their respective claims. Exceptions to this rule are: First, where money or other thing is deposited with the understanding that that particular money or thing is to be returned to the depositor; second, where the money or thing deposited is to be used for a specifically designated purpose; and, third, where the deposit itself was wrongful or unlawful.

[3] The money involved in this case was deposited by the city treasurer subject to his check, and without any understanding that the identical money deposited should be returned to him, or that it should be used for any specific purpose. Therefore it falls within neither of the first two of the above classes. But it is contended by the appellant that the treasurer was without authority to deposit the city funds in the Meade County Bank, or in any other bank; that the law made him custodian of the city funds, and that it was unlawful for him to deposit such funds in any bank, and for that reason the title thereto did not pass to the bank; but that the bank took and held the same as trustee only, and is now in duty bound to return the same in full regardless of the claims of the other creditors.

While the law makes the city treasurer the custodian of the city funds, it does not, either in terms or by implication, require him to maintain the actual or physical possession thereof, nor that he shall keep the same in a private safe or vault. It is customary and altogether proper, in the absence of a law to the contrary, that such funds should be deposited for safe-keeping in some reputable bank, and that they be paid out by check when needed, just as was done by the city treasurer in this case. Where

the law prohibits the deposit of specific public funds in banks, it is held by the courts that it is unlawful for the bank to accept the same; that the title to such deposits does not pass to the bank; and, in case of the insolvency of the bank, such deposits shall be allowed as preferred claims and paid in full by the receiver. Green v. Custer County, 8 Idaho, 721, 71 Pac. 115; Yellowstone County v. Bank, 46 Mont. 439, 128 Pac. 596; State v. Bruce, 17 Idaho, 1, 102 Pac. 83, L. R. A. 1916C, 1, 134 Am. St. Rep. 245. But in this state there is no law that prohibits a city treasurer from keeping the city funds in a bank; and, where such funds are deposited by the treasurer to be paid out on check, the transaction constitutes a general deposit. The relation of debtor and creditor arises in the same manner as in case of the deposit of individual funds. Allibone v. Ames, supra. And, in case of insolvency of the bank, the claim of the city, based on a deposit of public funds, is in no wise superior to, or entitled to a preference over, a claim based on a deposit of individual funds. 5 Cyc. 514, 3 R. C. L. 644, 7 C. J. 633; Cavin v. Gleason, supra; Fletcher v. Sharpe, 108 Ind. 276, 9 N. E. 142; McLain v. Wallace, 103 Ind. 562, 5 N. E. 911; Hunt v. Hopely, 120 Iowa, 695. 95 N. W. 205; Brown v. Bank, 139 Iowa, 83, 117 N. W. 289: Officer v. Officer, 120 Iowa, 389 94 N. W. 947, 98 Am. St. Rep. 365, and, for an extended discussion of this subject, see note appended to Page County v. Rose et al., 8 Ann. Cas. 116, where the authorities on the subject are collected and reviewed. We believe this is a proper case for the application of the above rule, and we hold accordingly that the deposits involved, made by the city treasurer of the plaintiff city, constitute a general deposit only, and that the city should be treated as a general creditor and be paid ratably from the assets of the bank that are applicable to the payment of the claims of the general creditors.

The judgment and order appealed from are affirmed.