BOARD OF COM'RS OF KAY COUNTY, OKL., v. POLLARD–CAMPBELL
DREDGING CO.

(Circuit Court of Appeals, Eighth Circuit. April 29, 1918. Rehearing Denied
August 26, 1918.)

No. 4855.

1. COURTS ⬤⇒366(8)—PRECEDENTS—DECISIONS OF STATE COURT.
    When brought in question in a federal court, the powers and duties of
    an Oklahoma county and a drainage district must be determined from
    the applicable Oklahoma statutes, as interpreted by the courts of that
    state.

2. DRAINS ⬤⇒55—DUTIES TO BUILD BRIDGES.
    Under Comp. Laws Okl. 1909, §§ 3050, 3069, and Rev. Laws 1910, §§
    7581, 7609, relating to drainage, highways, and bridges, it is the duty of
    a county to build bridges more than 20 feet long over drains, across pub-
    lic roads dug by a drainage district as part of its improvement; the
    bridges being for the benefit of the general public.

3. ACTION ⬤⇒27(1)—TORT OR CONTRACT.
    Where the petition alleged plaintiff was the legal holder for value of
    a warrant issued by the county commissioners against the drainage dis-
    trict fund, but that the district had no funds, though sufficient funds to

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pay the warrant were unlawfully taken by the county commissioners and expended for bridges, which should have been paid for by the county, an action for the face of such warrant is on the implied promise, that is, for money had and received, and is not an action in tort.

4. MONEY RECEIVED ⟨key⟩1—ACTIONS—MAINTENANCE.

An action for money had and received may in general be maintained, whenever one has money in his hands belonging to another, which in equity and good conscience he ought to pay over to that other.

5. MONEY RECEIVED ⟨key⟩6(6)—ACTIONS AGAINST COUNTY—RIGHT TO MAIN-TAIN

Where the commissioners of a county, to defray the expense of building bridges, for which the county alone was liable, took from the funds of a drainage district an amount sufficient to pay a warrant duly issued to plaintiff for value, and plaintiff was thus denied payment, plaintiff may recover from the county in an action for money had and received.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by the Pollard-Campbell Dredging Company, a corporation, against the Board of County Commissioners of Kay County, Okl. There was judgment for plaintiff, and defendant brings error. Affirmed.

J. F. King, of Newkirk, Okl. (F. C. Duvall, of Newkirk, Okl., on the brief), for plaintiff in error.

Grant Stanley, of Oklahoma City, Okl., for defendant in error.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge. Suit by the Pollard-Campbell Dredging Company against the board of county commissioners of Kay county, Okl., on a warrant for $4,630.98, issued in payment of work done in connection with drainage district No. 1 of that county. The warrant specifically provided that the payment should be "out of the drainage fund of drainage district No. 1." The prayer of the petition was, not for payment out of that fund, but for a general judgment against the county. The liability of the county, as distinguished from the drainage district fund, was predicated upon allegations that the fund was exhausted, that the commissioners refused to make further levies against the landowners in the district, and that the county commissioners had improperly diverted to county purposes from this fund sufficient to pay the warrant.

Several points were presented for consideration, but the decisive ones are as to the propriety of the use by the county of part of the drainage district fund to build bridges more than 20 feet long over drains across public roads dug by the district as a part of the drainage improvement, and as to the right to bring an action of this character against a county. The funds in question were derived from special assessments levied as benefits against the land within the district, and available only for expenditures in connection with the drainage project. The county took from the district fund the cost of the bridges, under the theory that, the expense being occasioned solely

by the drainage work, the district, and not the county, should pay for the bridges.

[1, 2] The county and district are creatures of statute; therefore this controversy, involving the powers and duties of each, must be determined by an examination of the Oklahoma written law, as interpreted by the courts of that state. The applicable statutes are found in sections 3050 and 3069, Compiled Laws of Oklahoma 1909, part of the drainage law, and sections 7581 and 7609, Revised Laws of Oklahoma 1910, relating to highways and bridges. The Supreme Court of Oklahoma, in Wilkins v. Hillman, 45 Okl. 451, 145 Pac. 1111, L. R. A. 1915D, 249, has passed upon this precise question, and considered all of the above sections. After a thorough examination and discussion of the statutes and decisions, the court held that it was the duty of the county to build this character of bridges, saying:

"The bridges required are for the benefit of the general public and special assessments cannot legally be made to pay the expense of constructing same. The expense of building said bridges is a subject of general taxation."

[3-5] It is therefore determined that the county erroneously used the drainage district funds for its own purposes, without legal warrant. The situation, then, is that the plaintiff holds a warrant payable from the drainage funds; that demand for payment thereof has not been met, because of insufficient funds; that sufficient funds to pay the warrant were erroneously taken by the county; that those funds were expended for legitimate, beneficial county purposes. In this status the holder claims right of recovery under either of two theories, namely, that the county must answer for the sum if improperly abstracted and applied to its own beneficial use, and that the county must answer for the refusal of the county commissioners to reassess benefits in the drainage district to an amount sufficient to absorb this indebtedness. As, in our judgment, the first theory is sound, it will be unnecessary to consider the second.

While plaintiff in error contends that this suit is tort for conversion, and therefore is not maintainable against the county, a careful reading of the petition convinces us that the suit is not of that character. The allegations essential here are, in substance, that plaintiff is the legal holder for value of a warrant issued by the county commissioners against the drainage district fund; that demand for payment thereof has not been complied with, because the district had no funds; that sufficient funds to pay the warrant were unlawfully taken by the commissioners from such fund and expended for bridges, which should have been paid for by the county, and not by the district. The relief prayed is for the face of the warrant, with interest from its date, and costs. In First National Bank v. Pickens, 7 Ind. T. 725, 104 S. W. 947 (Court of Appeals of Indian Territory, 1907), a petition similar in its essential averments was held to be a suit upon a contract implied in law. We take the present suit, like that, to be for money had and received. As said in Strough v. Board of Supervisors, 119 N. Y. 212, 219, 23 N. E. 552, 554:

"The promise upon which the action for money had and received is founded is implied by law from the duty, resting upon one who wrongfully

withholds from another money which he cannot conscientiously retain, to account for and restore it to the person or party equitably entitled to it."

Such an action "may in general be maintained whenever one has money in his hands, belonging to another, which, in equity and good conscience, he ought to pay over to that other." 27 Cyc. 849, and citations. And "the question, in an action for money had and received is: To which party does the money, in equity, justice, and law, belong? All that plaintiff need show is that defendant holds money which, in equity and good conscience, belongs to him. * * *" 27 Cyc. 854, and citations.

Here the plaintiff has given full value for this warrant and ought to receive payment therefor. The only reason it has not promptly had its money is that the county has taken the funds and applied them to other purposes beneficial to the county, and for which they should not have been used. A clear right of recovery has been shown. The county cannot thus appropriate to its own beneficial interest, for a legitimate county purpose, and retain the money of another. Colusa County v. County, 117 Cal. 434, 49 Pac. 457; Green v. Custer County, 8 Idaho, 721, 71 Pac. 115; Board of Commissioners v. Pike Civil Township, 168 Ind. 535, 81 N. E. 489; Board of Commissioners v. Trees, 12 Ind. App. 479, 40 N. E. 535; Clinton School Township v. Bank, 18 Ind. App. 42, 47 N. E. 349, 350; Boyd v. School Township, 124 Ind. 193, 24 N. E. 661; Boyd v. School Township, 123 Ind. 1, 23 N. E. 862, 863; Barney v. County, 33 Iowa, 261; Butler v. County, 15 Kan. 178; Endriss v. County, 43 Mich. 317, 5 N. W. 632; Borough of Henderson v. County, 28 Minn. 515, 11 N. W. 91; Crump v. County, 52 Miss. 107; Waitz v. County, 1 Nev. 370; Womble v. County, 74 N. C. 421; Newman v. County, 45 N. Y. 676; Bridges v. Board of Supervisors, 92 N. Y. 570; Strough v. Board of Supervisors, 119 N. Y. 212, 23 N. E. 552; City of Salem v. County, 25 Or. 449, 36 Pac. 163; Tarrant County v. Rogers (Tex. Civ. App.), 125 S. W. 592; Auerbach v. Salt Lake County, 23 Utah, 103, 63 Pac. 907, 90 Am. St. Rep. 685.

The judgment is affirmed.