BANK OF SPRINGFIELD et al, Respondents, v. WILLIAMS, Appellant.

### (205 N. W. 221.)

(File No. 5797.    Opinion filed September 18, 1925.)

1. **Banks and Banking—Insolvency—Trusts—Assets of Insolvent Corporations, Including Banks, Are Trust Funds for Benefit of Creditors.**

   Assets of insolvent corporations, including banks, constitute trust funds for benefit of creditors.

2. **Banks and Banking—Bank Guaranty Fund—Preferences—Depositors—Notes Assigned as Preferred Claim by Insolvent Bank Recoverable by Depositors Despite Guaranty Law.**

   Notes assigned to plaintiff by insolvent bank as a preference may be recovered by depositors as trust funds, despite Rev. Code 1919, Sec. 9020, providing for payment of depositors out of guaranty fund, since nothing in law requires that depositors must look solely to guaranty fund for payment of claims.

3. **Banks and Banking—Bank Guaranty Fund—Assets of Insolvent Bank Not Relieved of Liability for Deposits, Though Depositors Paid Through Guaranty Fund.**

   Guaranty Law does not relieve assets of insolvent bank from liability for amount due depositors, though they have been paid in full from guaranty fund, since, under Rev. Code 1919, Sec. 9021, such fund is subrogated to rights of depositors to the extent that it pays their claims.

4. **Banks and Banking—Statutes—Creditors, Excepting Depositors, Given No Additional Rights by Bank Guaranty Law.**

   Bank Guaranty Law does not confer on creditors any right which they did not have prior thereto, excepting depositors.

Appeal from Circuit Court, Yankton County; Hon. R. B. Tripp, Judge.

Action by the Bank of Springfield and John Hirning, as Superintendent of Banks, for and on behalf of creditors of said

bank, against O. H. Williams. From an order overruling a demurrer to plaintiffs' complaint, defendant appeals. Affirmed.

*Clark & Henderson* and *Ernest A. Crockett,* both of Yankton, for Appellant.

*Scoblic & Strand,* of Tyndall, *G. M. Caster,* of Lake Andes, and *Roy E. Willy,* of Platte, for Respondents.

(1) To point one of the opinion, Respondent cited: Adams & Westlake Co. v. Deyette et al, 8 S. D. 119, 65 N. W. 471, 31 L. R. A. 497, 59 A. S. R. 751; Furber v. Williams-Flower Co. et al, 21 S. D. 228, 11 N. W. 548, 8 L. R. A. (N. S.) 1259, 15 Ann. Cas. 1216; Hardware Company v. Manufacturing Company, 86 Tex. 143, 24 S. W. 16, 22 L. R. A. 802; City of Sturgis v. Meade County Bank et al, 38 S. D. 319, 161 N. W. 327.

POLLEY, P. J. This is an appeal from an order overruling a demurrer to plaintiff's complaint. It is alleged in the complaint that for several years prior to the 15th day of May, 1924, the plaintiff Bank of Springfield was engaged in the banking business in the city of Springfield; that on and for some time prior to said date defendant was the owner of a certificate of deposit issued by said bank; that on said date said bank was insolvent and unable to pay its obligations; that in order that defendant might secure a preference over the others having claims against the said bank he entered into a conspiracy with the cashier and assistant cashier of said bank, all of whom then knew of the insolvent condition thereof, pursuant to which conspiracy defendant was permitted to and did surrender his said certificate of deposit, although the same was not then due, and received in lieu thereof assets of the bank consisting of a large number of promissory notes belonging to and payable to said bank; that on said 15th day of May, 1924, said bank suspended business and was taken over by the plaintiff Hirning, as superintendent of banks.

It is the contention of the plaintiffs that, the bank being insolvent, its assets constituted a trust fund for the payment of all the creditors, and that its officers were without authority to make a preference as between its creditors, and that the assignment of the said notes works a fraud on the other creditors.

[1, 2] That the assets of an insolvent corporation, and this includes banking corporations, constitute a trust fund for the

benefit of its creditors, may be considered as the settled law in this state.   Adams & Westlake Co. v. Deyette, 8 S. D. 119, 65 N. W. 471, 31 L. R. A. 497, 59 Am. St. Rep. 751; Furber v. Williams-Flower Co.,    21 S. D. 228, 111 N. W. 548, 8 L. R. A. (N. S.) 1259, 15 Ann. Cas. 1216; City of Sturgis v. Meade County Bank, 38 S. D. 317, 161 N. W. 327.   But it is the contention of appellant that, because of the provisions of the Bank Guaranty Law, this rule no longer applies to insolvent banks; that the depositors are to be paid out of the guaranty fund, and that they have no claim or lien upon the assets of the bank; that they must look solely to the guaranty fund for the payment of their claims against the bank.   Section 9020, Rev. Code 1919, provides that, when a bank becomes insolvent, the superintendent of banks shall determine the amount necessary to pay the unsecured depositors and holders of exchange in good faith, in full, and that the guaranty fund commission shall draw against the depositors' guaranty fund for a sufficient amount to pay such depositors and holders of exchange in good faith.   If this is done, of course, the depositors would have no further interest in the assets of the bank.   But there is nothing in the law that provides, either expressedly or impliedly, that the depositors must look solely to the guaranty fund for the payment of their claims, and it is made plain by the provisions of section 9021, Rev. Code 1919, that nothing of the kind was ever intended.   This section reads as follows:

"To the extent of the amount paid from the depositors' guaranty fund pursuant to the preceding section, the depositors' guaranty fund commission shall be subrogated to all the rights of the depositors thus paid in the assets of such bank, for the use and benefit of such guaranty fund, and such rights shall be enforced by the superintendent of banks accordingly; and all amounts so derived from such assets shall be deposited by such commission in the solvent banks, subject to the provisions of this article, in proportion to the assessments levied against each such bank."

[3]   From the provisions of this section it is clear that the assets of the bank were not relieved from the payment of the amount due the depositors, even though such depositors have been paid in full from the guaranty fund.   When the depositors have been paid from the guaranty fund, then such guaranty fund becomes subrogated to the rights of the depositors to the extent that

their claims have been paid from that fund, and it is the duty of the superintendent of banks to realize on the assets of the bank and repay the guaranty fund so far as may be done from the proceeds of the assets of the bank. The rights of the creditors and depositors in the assets of the bank are no different now from what they were prior to the enactment of the Bank Guaranty Law. The only purpose of the Bank Guaranty Law is to accelerate the payment of claims of the depositors, and to guarantee the payment of their claims in full, when the assets of the bank are not sufficient for that purpose.

[4] It is further to be observed that the Bank Guaranty Law does not purport to confer upon creditors of the bank, as such, any rights or benefits which they would not have had prior to the enactment of said law, excepting only as concerns one particular class of creditors of said bank, namely, those who may be "depositors" within the meaning of the Bank Guaranty Law.

In this case the notes that were assigned to the defendant were a part of the assets of the bank. They belonged to the creditors in proportion to the amount of their claims. The officers had no right or authority to assign them in the manner in which they attempted to do. Their attempted assignment conferred no rights therein to the defendant, and he should return them or their proceeds, if they have been collected, to the plaintiffs.

The order appealed from is affirmed.

Note.——Reported in 205 N. W. 221. See, Headnote (1), American Key-Numbered Digest, Banks and Banking, Key-No. 74, 7 C. J. Sec. 483; (2) Banks and Banking, Key-No. 74, 7 C. J. Sec. 493; (3) Banks and Banking, Key-No. 15, 7 C. J. Sec. 15; (4) Banks and Banking, Key-No. 15, 7 C. J. Sec. 15.