FARMERS' SAV. BANK, et al, Appellants, v. BERGIN,
et al, Respondents.

(220 N. W. 859.)

(File No. 6459.   Opinion filed August 10, 1928.)

*Bielski & Elliott, P. H. McDowell,* and *Roy E. Willy,* all of
Sioux Falls, for Appellants.

*Cherry, Davenport & Braithwaite,* of Sioux Falls, for Respondents.

BURCH, P. J.   This case is before us on rehearing, the former opinion being reported in 216 N. W. 597.   The facts are fully set out in that opinion and will not be repeated here.   So far as necessary to a proper understanding of this opinion, we refer to the former opinion for the facts.   Therein we held that the transfer of certain securities constituted an unlawful preference entitling appellant to recover such securities.   In an application for rehearing respondents contended that, although they might not have been able to trace their property into a trust fund, and, for that reason, would not be able to recover their property in an action, in this action where they are defendants, not seeking to recover, but to defend against a recovery by plaintiff, the equities in their favor are such as to defeat appellant's recovery in a court of equity.   In other words, that the equities are such that, if appellant was in possession, they could not recover, but, as in this case, where they

are in possession, appellant cannot recover. A rehearing was granted restricted to this single question.

This court has consistently held that an insolvent corporation may not prefer its creditors, but that upon insolvency the assets of such corporation became a trust fund for the payment of its creditors on an equal pro rata basis. Bank of Springfield v. Williams, 48 S. D. 529, 205 N. W. 221; City of Sturgis v. Meade County Bank, 38 S. D. 317, 161 N. W. 327; Furber v. Williams-Flower Co., 21 S. D. 228, 111 N. W. 548, 8 L. R. A. (N. S.) 1259, 15 Ann. Cas. 1216; section 9059, R. C, 1919. In our former opinion in this case, after stating the law as above, we reviewed the evidence and concluded that the bank was insolvent at the time the officers delivered the securities to respondents. That being true, the officers were then trustees of its assets and such assets belonged to all the creditors. No matter how urgent a settlement of respondents' claim as a moral and equitable claim upon the bank may have been, the officers could not make the payment out of assets of the bank upon which a trust had been impressed, for the obvious reason that such assets did not belong to the bank except as trustee. The justice of the claim could not justify the taking of the property of others to pay it, nor prevent a recovery by the rightful owners, if it was taken. Having held in our former opinion after a review of the evidence that the act of the officers in preferring respondents was in fraud of other creditors and that respondents participated in that fraud, there can be no equity in refusing the aid of the court in undoing the wrong intended and which without the intervention of the court would be accomplished.

We adhere to the disposition of the case as expressed in the first opinion.

CAMPBELL and BROWN, JJ., concur.

POLLEY, J., dissents.

SHERWOOD, J., not participating.