## MILLETT v. OMAHA NAT. BANK.

Circuit Court of Appeals, Eighth Circuit.
January 14, 1929.

No. 8118.

John U. Loomis, of Omaha, Neb., for appellant.

Arthur R. Wells, of Omaha, Neb. (Halleck F. Rose, Paul L. Martin, and Winthrop B. Lane, all of Omaha, Neb., on the brief), for appellee.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge. From a judgment allowing a set-off in the sum of $7,601.38, the appellant, as plaintiff in the trial court, has prosecuted its appeal. There is no controversy on the facts.

The Drovers' National Bank of Denver was doing business as a National Bank at Denver, Colo., until the appointment of appellant receiver on December 17, 1925. Prior to that date, it had business transactions with the appellee bank of Omaha, Neb. When the receiver was appointed, the appellee bank was admittedly indebted to Drovers' National Bank in the sum of $8,274.17, on deposit previously made. This is the amount sued for by the receiver.

The appellee acknowledges its indebtedness to the appellant, but asserts its rights to a set-off in the sum above stated, and at the trial it had judgment therefor. The only question presented is the legal propriety of allowing the set-off. The facts in that matter are as follows:

On September 7, 1925, one C. L. Montgomery was a patron and borrower of said the Drovers' National Bank of Denver; on that date he applied for and was granted a loan of $7,493.35. Although the application for the loan was made to the said bank, the loan was in fact made by the Drovers' Cattle Loan Company, a corporation with the same officers as the bank and with its offices at the same place as that of the bank. The bank acting for the cattle company disposed of this note to the appellee. The note by its terms became due and payable February 4, 1926. Nevertheless, Montgomery appeared at the bank on December 4, 1925, and paid the sum of $3,200 with instructions to apply same on his note. This, the bank officials of said the Drovers' National Bank agreed to do.

On December 16, 1925, Montgomery again appeared and paid the further sum of $4,493.17, being the balance due on his note, and again instructed the bank officials to apply said sum on his note, which they agreed to do. On the next day a receiver was appoint-

ed, and he·now claims that the bank was a mere agency for the application of the payments on Montgomery's notes held by the appellee. He says that the payments were not actually applied by said bank; that the instructions of Montgomery were revocable; and that in consequence his obligation as receiver is to Montgomery and not to appellee. Moreover, it is asserted by him that there was no privity between the said Denver bank and the Omaha bank.

1. The overwhelming current of authority is against the contention urged by appellant. The rule is well established "that the person for whose benefit a contract is made may sue thereon in assumpsit in his own name although the engagement is not directly to or with him." 2 R. C. L. p. 763, § 22. Such an action "is maintainable in all cases where one person has received money or its equivalent under such circumstances that in equity and good conscience he ought not to.retain it and ex aequo et bono it belongs to another." 2 R. C. L. § 34, p. 778. Also see Johnson-Brinkman Co. v. Central Bank, 116 Mo. 558, loc. cit. 567, 22 S. W. 813, 815 (38 Am. St. Rep. 615) where the court said: "But where money is received by one to which another is legally entitled, the latter may recover it in an action for money had and received."

In the case of Bank of the Metropolis v. First Nat. Bank of Jersey City (C. C.) 19 F. 301, a very similar question was presented for decision. It was urged in that case, as in this, that there was want of privity, but the court said: "It is insisted for the defendant that there was no privity between the plaintiff and the defendant respecting the transaction, because the defendant was not employed by the plaintiff, but was the agent only of the Newark bank. * * * In answer to this it is sufficient to say that the defendant is sued, not as an agent of plaintiff, nor upon any contract liability, but upon the promise which is implied by law whenever a defendant has in his hands money of the plaintiff which he is not entitled to retain as against the plaintiff. It has long been well settled that want of privity is no objection to the action of indebitatus assumpsit for money had and received."

In the case of National Bank of Commerce in St. Louis v. Equitable Trust Co. of New York, 227 F. 526, loc. cit. 531, this court declared in respect of the position now taken by appellant: "The contention is old and was early repudiated as demonstrated by the note to Mandeville v. Riddle, in Appendix to 1 Cranch, 367, under subd. 4, page 438."

The correct rule was tersely announced in Gaines v. Miller, 111 U. S. 395, 4 S. Ct. 426, 28 L. Ed. 466, as follows: "Whenever one person has in his hands money equitably belonging to another, that other person may recover it by assumpsit for money had and received."

This court in National Bank of Commerce v. Equitable Trust Co., supra, approved the following rule stated in Brewer v. Dyer, 7 Cush. (Mass.) 337, 340: "The law, operating on the act of the parties, creates the duty, establishes the privity, and implies the promise. and obligation, on which the action is founded."

The Court of Appeals in Lipman, Wolfe & Co. v. Phœnix Assur. Co., 258 F. 544, applied the foregoing rules and sustained its position with citations of practically the same authorities as above. See also Cary v. Curtis, 3 How. 236, loc. cit. 246, 11 L. Ed. 576; Board of Com'rs v. Pollard-Campbell Dredging Co. (C. C. A.) 251 F. 249.

2. Whether the appellee should have proceeded in equity or in law is not material in this case. It interposed an offset in an action at law prosecuted by the appellant. It had a right to do this either in law or equity. Under the Judicial Code appellee had a right to interpose an equitable defense to an action at law. However, the authorities appear to be one way. Though the action is equitable in its nature, it may be maintained at law, as was done here. 2 R. C. L. § 34, p. 778.

In McKee v. Lamon, 159 U. S. 317, loc. cit. 322, 16 S. Ct. 11, 13 (40 L. Ed. 165), the court, in dealing with a similar situation in an equity case, said: "There can be no doubt of the general proposition that where money is placed in the hands of one person to be delivered to another, a trust arises in favor of the latter, which he may enforce by bill in equity, if not by action at law. The acceptance of the money with notice of its ultimate destination is sufficient to create a duty on the part of the bailee to devote it to the purposes intended by the bailor."

The judgment of the trial court was correct, and should be affirmed.