SMITH, State Superintendent of Banks, Appellant, v. FIRST NAT. BANK OF MADISON, S. D., et al, Respondent.

(223 N. W. 341.)

(File No. 6442. Opinion filed February 2, 1929.)

*Hugh S. Gamble* and *Roy E. Willy,* both of Sioux Falls, for Appellant.

*Ira F. Blewitt,* of Madison, for Respondent.

POLLEY, J. This action was brought for the purpose of securing the cancellation of the assignment of a real estate mortgage that had been assigned to defendant by Colton State Bank.

On or prior to the 17th day of May, 1924, the defendant held a certificate of deposit for the sum of $3,000 that had been issued by the Colton State Bank on the 13th day of February, 1924. On and prior to said 17th day of May, 1924, Colton State Bank was

the owner and holder of a certain promissory note, known as the Agnew note, for $3,000, dated December 7, 1922, and secured by a real estate mortgage.

On and for some time prior to said 17th day of May, 1924, the Colton Bank was in serious financial straits. Mr. Olstad, president of defendant bank, had several conferences with Mr. Roher, president of the Colton Bank. During these conferences, which took place during the week ending on Saturday, the 17th day of May, Mr. Roher advised Olstad of the condition of the Colton Bank, that it had no reserve at all, and Mr. Olstad testified that he knew that a bank without any reserve, and unable to borrow, would have to suspend business immediately, and the Colton Bank did suspend business on the evening of the said 17th day of May, 1924.

Roher exchanged the said Agnew note and mortgage for the said certificate of deposit. It is alleged in the complaint that at the time of this exchange the Colton Bank was hopelessly insolvent; that this fact was known to both Roher and Olstad; that the certificate of deposit was of little or no value; and that the said exchange was made for the purpose of, and with the intent, to defraud the plaintiff of its property.

These allegations are so fully sustained by the evidence that a review of the evidence would serve no useful purpose. Both Roher and Olstad knew for at least a week before the exchange of the Agnew note for the certificate of deposit that the bank was hopelessly insolvent, and, while Olstad testified that in taking the note he did not intend to secure a preference over the other creditors of the Colton Bank, he well knew that that would be the effect of the exchange.

There is no difference in principle between the situation in this case and Bank of Springfield v. Williams, 48 S. D. 529, 205 N. W. 221, and, upon the authority of that case, the judgment appealed from is reversed.

SHERWOOD, P. J., and BURCH, J., concur.

CAMPBELL, J. (concurring specially). I doubt if the facts are as strong in this case as stated in the foregoing opinion, but I concur in the result, upon the authority of Farmers' Savings Bank v. Bergin, 52 S. D. 1, 216 N. W. 597.

BROWN, J., absent and not participating.